### JACK BOWLING V. THE STATE.

No. 15291. Delivered October 12, 1932.
Reported in 53 S. W. (2d) 469.

The opinion states the case.

*C. F. Sentell*, of Snyder, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Under an indictment charging him with making an aggravated assault upon T. C. Glenn, appellant was convicted of simple assault, and his punishment assessed at a fine of twenty-five dollars.

T. C. Glenn had had some trouble with some Mexican boys about a donkey belonging to his boy. According to the testimony of appellant's witnesses at the time of this trouble Mr. Glenn had threatened to kill the father of the Mexican boys as well as appellant. Appellant testified that this threat was communicated to him. On the day of the difficulty between appellant and Mr. Glenn, according to the version of the state, appellant's boys were down the road near appellant's place of business riding a donkey. The injured party went in their direction and was attacked by appellant with a brick and a piece of iron bar. At the time of this attack, the injured party, according to his own testimony, had a knife in his hand. He said he did not know whether it was open or not. The injured party was severely bruised as a result of the blows with the iron bar. According to his testimony, he was 76 years old and weighed 140 pounds, while appellant was about 55 years old and weighed 170 pounds.

. Appellant testified that Mr. Glenn, the injured party, was going in the direction of his boys, with an open knife in his hand and a dirk in his belt; that, as he approached, the injured party reached for the dirk, and started toward him, mumbling; that he threw a brick at the injured party and struck him with the iron bar for the purpose of preventing the attack upon him, and, further, in an endeavor to protect his children. Mr. Glenn denied that he had made any attack upon appellant. He declared that he thought the boys were riding his son's donkey and had gone down there to investigate; that discovering that he was mistaken he had started back home when he was attacked by appellant. He denied that he had ever made any threats to kill appellant or to do him bodily injury.

A bill of exception prepared by the court presents the following occurrence: Upon cross-examination by appellant's counsel, the injured party was asked a question as follows: "Isn't it a fact that a few months before this trouble that you had some trouble with Mr. Bowling (appellant) at his filling station?" The witness answered: "I didn't go down there because he had been having a lot of trouble with other people and everybody told me he was always having trouble and beating people up and I knew he was that kind of a man, and I didn't go there." Appellant objected to the answer on the ground that it was not responsive to the question, was prejudicial and hearsay, and asked the court to require the witness to confine his testimony to the questions asked, and, further, to instruct the jury not to consider the statement about appel-

lant's trouble with other people. The court overruled the objection and stated that the witness had answered the question, and advised the counsel to proceed with the examination. Appellant had not placed in issue his general reputation for being peaceable and law-abiding. The answer of the witness was not responsive to the question. It conveyed to the jury the information that other people had said that appellant was having a lot of trouble and committing assaults on people generally. The statement was hearsay and inadmissible, and should, upon appellant's motion, have been withdrawn from the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.